```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF VIRGINIA
               Alexandria Division
```

                                                AUG 2 9 2013

CHRISTOPHER JOHN RUDY,          )
                                )
         Plaintiff,             )
                                )
    v.                          )   1:13cv00278 (LMB/TCB)
                                )
THE UNITED STATES PATENT AND    )
   TRADEMARK OFFICE, et. al.,   )
                                )
         Defendants.            )

## MEMORANDUM OPINION AND ORDER

Defendants President Barack Obama, the United States Patent and Trademark Office ("USPTO"), and Teresa Stanek Rea, Acting Director of the USPTO, have moved to dismiss plaintiff's Amended Complaint [Dkt. No. 19] for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1) or, In The Alternative, for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") [Dkt. Nos. 24, 25]. In accordance with Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), defendants provided notice to the plaintiff pro se of their dispositive motion. Dkt. No. 27. Plaintiff has filed a response in opposition to defendants' motion [Dkt. Nos. 30-32], and the defendants filed a reply [Dkt. No. 34]. Because the matter has been fully briefed and oral argument will not assist in the decisional process, the Motion to Dismiss will be resolved on the pleadings submitted by the parties.

I. BACKGROUND

In his Amended Complaint, plaintiff alleges that he requested a refund of patent application fees from the USPTO on June 14, 2012, seeking to recover the difference between patent applications fees in effect before the September 2011 enactment of the Leahy-Smith America Invents Act of 2011, Pub. L. No. 112-29, 125 Stat. 284 ("AIA"), and those he paid on January 25, 2012. Amended Complaint ("Amend. Compl.") ¶¶ 25, 26. The USPTO denied plaintiff's request for a refund, and on August 8, 2012, it denied his request for reconsideration. Amend. Compl. ¶¶ 28, 29. In both instances, the USPTO stated that the correct patent application fees had been charged. Id. In the latter denial the USPTO also explained that the validity of the AIA under the Constitution was not a "petitionable matter." Amend. Compl. ¶¶ 27, 29. Plaintiff nevertheless renewed his petition for a refund, which was again denied. Amend. Compl. ¶¶ 30, 31.

Plaintiff alleges that the USPTO cannot charge new fees under the AIA because President Obama "did not and does not have authority to hold the Office of President under the Constitution" and, consequently, the AIA – signed by defendant President Obama – is not properly enacted "law." Amend. Compl. ¶¶ 34-36. Plaintiff bases his claim that Mr. Obama does not have the authority to hold the office

of President on the allegation that Mr. Obama is not a natural born citizen of the United States.

More specifically, plaintiff variously alleges that President Obama's father was not a citizen of the United States, but as a citizen of Kenya and a subject of Great Britain, he "transmitted British citizenship" to President Obama; that if President Obama was not born in the United States, his mother (a United States citizen) "might not have conferred United States citizenship upon him"; that "statements and papers may cast doubt" on the validity of President Obama's long- and short-form birth certificates, showing his birthplace in Hawaii; and that President Obama went to school in Indonesia as an Indonesian citizen. Amend Compl. ¶¶ 19, 21, 25, 30.

Plaintiff seeks a refund of $90.00 in patent application fees, a declaration that President Obama is not a natural born citizen of the United States and therefore is not eligible to be the President, and a declaration that the AIA is null and void because it was signed by a person not authorized to do so under the Constitution. Amend. Compl. ¶¶ 9-12.

In their motion, defendants argue under Fed. R. Civ. P. 12(b)(1) that whether a sitting President is qualified to hold that office is a political question over which this Court lacks subject matter jurisdiction. Memorandum of Law in Support of the Defendants' Motion to Dismiss [Dkt. No. 26] ("Defs. Mem.") at 2, 5-10. Alternatively, defendants argue under Fed. R. Civ. P. 12(b)(6) that

3

plaintiff's Amended Complaint establishes that President Obama is a "natural born citizen" qualified to be President and therefore fails to state a claim on which the relief requested can be granted. Defs. Mem. at 2, 10-14. This secondary argument need not be considered because defendants prevail on their jurisdictional argument.

II. DISCUSSION

Under Baker v. Carr, 369 U.S. 186, 217 (1962), the Supreme Court established six guidelines which a court should consider in identifying a political question: (1) textually demonstrable constitutional commitment of the issue to a coordinate political department; (2) a lack of judicially discoverable and manageable standards for resolving the issue; (3) the impossibility of resolving the issue without an initial policy determination of a kind clearly for nonjudicial discretion; (4) the impossibility of a court's undertaking independent resolution of the issue without expressing a lack of respect due to the coordinate branches of government; (5) an unusual need for unquestioning adherence to a political decision already made; or (6) the potentiality of embarrassment from multifarious pronouncements by various departments on one question. In applying these guidelines, a court must engage in a "discriminating inquiry into the precise facts and posture of the particular case," while understanding "the impossibility of resolution by any semantic cataloguing." Id.

Citing to three of the Baker factors, defendants contend that the issue of whether President Obama is qualified to hold his office is a non-justiciable political question because there has been a "textually demonstrable constitutional commitment of the issue to a coordinate political department." Defs. Mem. at 5-7 (citing Grinols v. Electoral College, No. 12-2997, 2013 WL 2294885, at *6 (E.D. Cal. May 23, 2013) (stating that "numerous articles and amendments of the U.S. Constitution, when viewed together, make clear that the issue of the President's qualifications and his removal from office are textually committed to the legislative branch and not the judicial branch."); Barnett v. Obama, No. SACV 09-0082 DOC (ANx), 2009 WL 3861788, at *14 (C.D. Cal. Oct. 29, 2009) (declining to reach the issue of "whether in all cases the interpretation of the natural born citizen clause would present a political question," but concluding "that there is a textually demonstrable constitutional commitment of the issue of the removal of a sitting president to a coordinate political department—the Legislative branch."); Kerchner v. Obama, 669 F. Supp. 2d 477, 483 n.5 (D.N.J. 2009) (stating that "[t]he Constitution commits the selection of the President to the Electoral College in Article II, Section 1, as amended by the Twelfth Amendment and the Twentieth Amendment, Section 3. The Constitution's provisions are specific in the procedures to be followed by the Electors in voting and the President of the Senate and of Congress in counting the electoral votes. Further, the

Twentieth Amendment, Section 3, also provides the process to be followed if the President elect shall have failed to qualify, in which case the Vice President elect shall act as President until a President shall have qualified. None of these provisions evince an intention for judicial reviewability of these political choices.")). Defendants further argue that in addition to that commitment, resolving the issue presented here would also be impossible "without expressing lack of respect due for the coordinate branches of government," and would violate the "unusual need for unquestioning adherence to a political decision already made." Id.

Defendants argue that because Congress is the only governmental branch with the power to remove a sitting president by impeaching him, and because the Twenty-Fifth Amendment explicitly directs that disagreements regarding presidential succession shall be decided by Congress,[1] the Constitution "demonstrably" commits questions regarding presidential qualifications to the legislative branch. Defs. Mem. at 7-9 (extensively citing Barnett, 2009 WL 3861788, at *14-*15). Therefore, plaintiff's request for a declaration that President Obama was not, and is not, a natural born citizen of the United States and is ineligible to be President of the United States is a question committed to another, political branch - Congress - and is non-justiciable. Defs. Mem. at 8-9.

---

[1] See U.S. CONST. amend XXV, § 4.

Defendants also argue that as President Obama's qualifications have already been determined and as he has served more than four years as President, under <u>Baker</u> there is an unusual need for "unquestioning adherence" to that determination because a contrary determination "would have profound consequences" with respect to "countless bills" he has signed into law, including the AIA, as well as other actions taken over the course of his administration. Defs. Mem. at 9-10. Finally, defendants argue that questioning President Obama's qualifications disrespects the office of the President and the executive branch. Defs. Mem. at 10. All these arguments are meritorious and clearly establish that plaintiff's Amended Complaint raises issues over which this Court does not have subject matter jurisdiction because they raise a political question.

The burden of establishing subject matter jurisdiction is on the plaintiff. <u>See</u> <u>United States v. Hays</u>, 515 U.S. 737, 743 (1995). Although plaintiff acknowledges the factors set out in <u>Baker v. Carr</u>, he argues that he does not seek removal of the President or a determination regarding presidential election or succession, but rather merely requests "a declaration that would provide the legal certainty among the parties for resolution of his $90.00 refund," which he asserts is "a justiciable injury." Response by Plaintiff in Opposition [Dkt. No. 30] ("Pl.'s Opp.") at 5-13. Given this distinction, plaintiff argues that unquestioning adherence to a political decision already made is unnecessary because "it is not

7

at all unheard of that a statute be declared null and void," and "refunds due from the [USPTO] are given routinely." Pl.'s Opp. at 13-15. Lastly, plaintiff maintains that because deciding the question presented is well within the jurisdiction of this Court, answering that question is in no way disrespectful of a coordinate branch of government. Pl.'s Opp. at 15-16.

Plaintiff's attempts to distinguish the case law on which defendants rely, as well as the underlying rationales of those decisions, by recasting the relief he requests as a simple declaration that the President is unqualified for his office are unpersuasive. Although it is true that plaintiff does not literally seek removal of Mr. Obama from his office as President, the relief he does seek – a declaration by this Court that the President "was and is" unqualified to hold his office – is the equivalent of seeking the President's removal and is, therefore, a question over which this Court lacks jurisdiction because it would at least require this Court to examine the President's qualifications. Further, the authority to conduct such an examination, as in a removal proceeding or a determination regarding presidential succession, is committed to the legislative branch of government, as several other courts have held in analogous circumstances. See, e.g., Barnett, 2009 WL 3861788, at *15. Plaintiff has, therefore, completely failed to establish that this Court has jurisdiction over the issue raised in his Amended Complaint.

For these reasons, defendants' Motion to Dismiss [Dkt. Nos. 24, 25] is GRANTED and it is hereby

ORDERED that judgment be entered in favor of defendants.

To appeal this decision, plaintiff pro se must file, within 60 days of the date of this Order, a written Notice of Appeal with the Clerk of this Court. Failure to file a timely Notice of Appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment in defendants' favor pursuant to Fed. R. Civ. P. 58 and to forward copies of this Order to counsel of record and to plaintiff pro se at his address of record.

Entered this 29th day of August, 2013.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge